## W. P. C. STEBBINS, Respondent, v. JAMES SMILEY et al., Appellants.

### No. 4085; May 10, 1864.

**New Trial—Specification of Grounds.**—Under the law of 1861 (Stats. 1861, p. 590) the grounds for a motion for a new trial shall be specifically set forth, and the statement shall contain only so much of the evidence, or such reference to the evidence, as may be necessary to explain them.

**New Trial.**—A Specification of the Errors Relied on for the granting of a new trial must be contained in both the motion and the statement.

**An Appeal Taken for Delay Merely** is to be Disposed of by being affirmed with damages.

APPEAL from Fourth Judicial District, San Francisco County.

Stout for respondent; Crockett & Crittenden for appellants.

SANDERSON, C. J.—The transcript in this case contains seven hundred and forty-five pages of manuscript, seven hundred of which might have been omitted without detriment to the appellant. The action is for an accounting and settlement touching a certain contract, for the construction of a prison wall, between plaintiff and defendants on the one part, and the state of California on the other. The case was tried by a referee, who found for plaintiff, in twenty-three distinct findings, and reported a judgment in his favor for the sum of thirteen thousand seven hundred and fourteen dollars and sixty-three cents, subject to a credit of one thousand dollars if paid by defendant Dall. The defendants moved for a new trial upon the grounds: First. That the evidence is insufficient to sustain the findings. Second. Errors of law occurring at the trial and excepted to by defendants.

There is, neither in the notice of motion for new trial, nor in the statement, a specification of the errors upon which the appellants rely for a new trial; nor is there any specification of the findings which they claim to be contrary to the evidence. This motion was made under the law of 1861 (Stats. 1861, p. 590), which provides that: "The grounds of the motion shall be specifically set forth, and the statement shall contain so much of the evidence, or reference thereto, as may be necessary to explain them and no more." That this rule has been grossly disregarded in this case is manifest. It can hardly be expected that this court will wander through seven hundred and forty-five pages of manuscript in search of evidence to support every one of twenty-three findings; or in search of errors in law, if such there be, to support the general charge of the appellants to that effect. As this objection to the statement is made by counsel for the respondent, we have no hesitation in giving it full weight, and affirming the judgment upon the ground that the statement fails to comply with the conditions imposed by the statute. We are asked to allow the respondent twenty per cent damages, and, being satisfied that the appeal has been taken for the purpose of delay, we affirm the judgment with ten per cent damages.

Judgment affirmed, with ten per cent damages.

We concur: Rhodes, J.; Currey, J.; Sawyer, J.